TORRES, APPELLANT, v. REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Dominion Title.

No. 419.—Decided December 15, 1919.

RECORD OF TITLE—CONSOLIDATION OF PROPERTIES—SEPARATE PROPERTY—CONJUGAL PARTNERSHIP PROPERTY.—In accordance with article 61 of the Regulations for the Execution of the Mortgage Law, a dominion title judgment ordering the record in the name of the petitioner of a property formed by the consolidation of two parcels of land, one of them being his separate property and the other belonging to the conjugal partnership, cannot be recorded for the reason that the two properties are not similar and cannot be consolidated.

The facts are stated in the opinion.
*Mr. V. Polanco* for the appellant.
The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Ramón Torres Ortiz, married to Adelfa Verdesía, instituted proceedings in the District Court of Ponce to establish the ownership of a property of 201 acres of land in the ward of Cacaos of the municipality of Barros. The said court adjudged a dominion title to the property in favor of Ramón

Torres Ortiz in a judgment of March 28, 1919, and ordered that it be recorded in the registry of property, but the Registrar of Caguas refused to record it on April 11, following, on the ground that the property was acquired by Ramón Torres Ortiz partly by purchase during his wedlock with Adelfa Verdesía and partly by inheritance from his parents, Máximo Torres and Soledad Ortiz, the result being that the property sought to be recorded was a consolidation of a property belonging to the conjugal partnership and a separate property of one of the spouses.

An appeal has been taken to this court from that decision.

The judgment of the District Court of Ponce shows that of the 201 acres of the property in question 35 acres were inherited by Ramón Torres Ortiz from his parents, Máximo Torres and Soledad Ortiz, and the remainder was acquired by purchase during the existence of the conjugal partnership composed of the spouses Ramón Torres Ortiz and Adelfa Verdesía.

This being so, the case is governed by article 61 of the Regulations for the Execution of the Mortgage Law, according to which in order that several properties may be recorded in the registry of property under one number and as one single property it is indispensable that the said properties belong to one sole owner or to several owners *pro indiviso,* that is, that each of the different persons who wish to consolidate the properties must have a joint ownership in each of the properties to be consolidated. *Durán et al.* v. *The Registrar,* 20 P. R. R. 138.

Counsel for the appellant maintains that it is not sought to consolidate several properties, but to record one property. But that contention is inadmissible in a case like this in which the property to be recorded is a property formed by the consolidation of several properties of a different legal character.

If the record which has been refused should be made, it would not comply with the requirements provided by law

for the protection of third persons, for even if the title
should state the source of the different parts of the prop-
erty, it would be impossible to know which part belongs to
the conjugal partnership and which to the husband.  See
also *P. R. Leaf Tobacco Co.* v. *Registrar of Property,* 20
P. R. R. 374, and *Muñoz* v. *Registrar of Caguas,* 25 P. R. R.
786.

The decision appealed from must be

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.
Mr. Justice Hutchison dissented.